United States District Court
Southern District of Texas
**ENTERED**
March 07, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Sabrina W.,[1] §<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>Leland Dudek,[2] §<br>Acting Commissioner of the §<br>Social Security Administration, §<br>*Defendant*. § | Civil Action H-23-4761 |

## MEMORANDUM AND ORDER

Sabrina W. (Sabrina) appeals the Social Security Administration (SSA) Commissioner's (Commissioner) final decision denying her application for Social Security benefits. ECF No. 1. Pending before the court are Plaintiff's Motion for Summary Judgment, ECF No. 10, and the Commissioner's Response and Cross Motion for Summary Judgment, ECF No. 11. The parties consented to the jurisdiction of the undersigned magistrate judge for all purposes, including entry of final judgment. ECF Nos. 3, 7. Plaintiff's Motion for Summary Judgment is **GRANTED**. The Commissioner's Motion for Summary Judgment is **DENIED**, and the case is **REMANDED** for additional administrative proceedings consistent with this opinion.

---

[1] In light of guidance received from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which states that there are significant privacy concerns in social security cases, the court refers to the Plaintiff only by her first name and last initial.

[2] Leland Dudek is the current Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek is substituted as the defendant in this suit.

## *1. Procedural Posture*

Sabrina filed her applications for disability insurance benefits and supplemental security income on May 27, 2021. Tr. 85, 200, 209. Sabrina alleged that her disability began on October 22, 2019, due to severe back and hip pain after a work accident. Tr. 85.

The SSA denied Sabrina's applications at the initial level on November 9, 2021, and on reconsideration on November 10, 2022. Tr. 116, 121, 132, 137. Administrative Law Judge (ALJ) Solomon Boyle held a hearing on May 1, 2023. Tr. 58–84. Sabrina, her mother Audrey, and a vocational expert (VE) testified at the hearing. Tr. 67. Sabrina's counsel was present.

Sabrina testified about her work history. Before 2019, she worked loading trucks in a warehouse, then, most recently, in shipping and receiving as a weigher. Tr. 65. Sabrina explained that she injured her back while performing her job duties in October 2019, and she was unable to return to her position in shipping and receiving after her injury. Tr. 67–68. She now suffers from pain that extends from the top of her back through her right hip to her foot, and she has trouble balancing. Tr. 68–69, 73. Because of the pain, Sabrina cannot stand for more than ten minutes, and she often lies down. Tr. 69–70. Sabrina also stated that she often cries about five or six times per day, she is seeing a psychiatrist, and she has been diagnosed with depression. Tr. 71, 75.

Sabrina's mother, Audrey, testified that she goes to Sabrina's home and takes care of Sabrina and Sabrina's son every day. Tr. 78. Audrey stated that Sabrina will fall if she tries to go up the steps and that Sabrina's condition has gotten worse since 2019. *Id.* Audrey will cook and clean for Sabrina and Sabrina's son because Sabrina cannot perform those activities. *Id.* Audrey is also the legal guardian to Sabrina's son, and Audrey is responsible for

taking him to school, helping with his homework, helping him bathe, and feeding him. Tr. 79.

The VE testified about Sabrina's past work. Sabrina's prior job as a shipping and receiving weigher is an unskilled (SVP 2), light exertion position according to the Dictionary of Occupational Titles (DOT), but based on Sabrina's testimony, it was performed at the medium exertion level. Tr. 81.

The ALJ presented a series of hypotheticals to the VE, and Sabrina's lawyer declined any cross-examination. The VE testified about a person of Sabrina's same age, education, and work experience who was limited to the light level of exertion; could never climb ladders, ropes, or scaffolds; could not work around unprotected heights or moving mechanical parts; could only occasionally climb ramps or stairs; and could only occasionally stoop, kneel, crouch, or crawl. Tr. 81. According to the VE, such a person could perform Sabrina's past work as described in the DOT, but they would not be able to perform the work as Sabrina performed it. Tr. 81. Such a person could perform other jobs in the national economy, however, such as a photocopying-machine operator (unskilled, light exertion), furniture rental consultant (unskilled, light exertion), and routing clerk (unskilled, light exertion). Tr. 81–82.

The ALJ then asked whether, in addition to the first hypothetical, such hypothetical person could perform any work in the national economy if they could sit, stand, and walk no more than six hours total combined; if they required breaks for thirty minutes every two hours; or if they required absences two to three days per month. Tr. 82. The VE stated that such a person would not be able to perform work in the national economy in any of those revised hypotheticals. *Id.*

The ALJ issued his decision on July 3, 2023, finding that Sabrina was not disabled from October 22, 2019, through the date

3

of the decision. Tr. 52. Sabrina requested review of the ALJ's decision, which the Appeals Council denied on October 13, 2023. Tr. 6. Sabrina timely filed a complaint and an application to proceed in forma pauperis in federal court on December 6, 2023. *See Sabrina W. v. O'Malley*, 4:23-mc-02166, ECF No. 1 (S.D. Tex. Dec. 6, 2023).

## 2. *Legal Standards*

The Social Security Act provides disability insurance benefits to individuals with physical and mental disabilities who have contributed to the program and provides supplemental security income to individuals with physical and mental disabilities who have limited income and resources. See 42 U.S.C. §§ 423, 1382. Disability under both systems is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner uses a sequential, five-step approach to determine whether the claimant is disabled. *See Schofield v. Saul*, 950 F.3d 315, 317 (5th Cir. 2020); 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof on the first four steps, and the Commissioner bears the burden on the fifth step. *See Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021). A finding that the claimant is disabled or not disabled at any point in the five-step review terminates the analysis. 20 C.F.R. § 404.1520(a)(4).

This court's review of the ALJ's disability determination is "highly deferential," and the court asks "only whether substantial evidence supports the decision and whether the correct legal standards were employed." *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018) (citations omitted). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812,

817 (5th Cir. 2018) (quoting *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016)). "Substantial evidence is 'more than a mere scintilla but less than a preponderance.'" *Id.* (quoting *Williams v. Admin. Rev. Bd.*, 376 F.3d 471, 476 (5th Cir. 2004)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The reviewing court must scrutinize the record to determine whether substantial evidence supports the ALJ's decision but may not reweigh the evidence or substitute its judgment. *See Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

### *3. Analysis*

#### *A. Step One*

At step one, the ALJ must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). A person engaged in substantial gainful activity is not disabled, regardless of her medical condition, age, education, or work experience. 20 C.F.R. § 404.1520(b).

The ALJ found that Sabrina had not engaged in substantial gainful activity since the alleged disability onset date of October 22, 2019. Tr. 44. Sabrina does not dispute the ALJ's step one finding.

#### *B. Step Two*

At step two, the ALJ determines whether any of the claimant's impairments or any combination thereof is severe and has lasted or is expected to last a continuous period of at least twelve months. 20 C.F.R. § 404.1520(a)(4)(ii) (citing 20 C.F.R. § 404.1509). An impairment is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). "[A]n impairment is not severe 'only if it is a slight abnormality [having] such minimal effect on the

individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.'" *Johnson v. Colvin*, 595 F. App'x 443 (5th Cir. 2015) (quoting *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985)). "A person who does not have a 'severe impairment' is not disabled." *Schofield*, 950 F.3d at 318 (citing 20 C.F.R. § 404.1520(c)).

The ALJ found that Sabrina had severe impairments of obesity, degenerative disc disease, right hip trochanteric bursitis, hypertension, and vestibular disorder. Tr. 44. The ALJ also found that Sabrina's medically determinable mental impairments of depressive disorder, anxiety disorder, and personality disorder were not severe. *Id.* In making that determination, the ALJ considered the four broad areas of mental functioning set out in "paragraph B" of the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). Tr. 44–45. The ALJ found that Sabrina was mildly limited as to all four functional areas of mental functioning, which are: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.*

Sabrina disputes the ALJ's findings that her mental limitations are mild in severity. ECF No. 10 at 8. Generally, any error at step two is harmless if the ALJ proceeds past step two and considers all medically determinable impairments, both severe and non-severe, at the RFC stage of the analysis. *See Herrera v. Comm'r of Soc. Sec.*, 406 F. App'x 899, 903 (5th Cir. 2010) (stating that failure to assess severity at step two was not a basis for remand where the ALJ continued with the sequential five-step process); *see also Esparza v. Saul*, No. 3:19-CV-2284-L-BH, 2020 WL 6551272, at *13 (N.D. Tex. Oct. 2, 2020) (citing cases). Because, as will be discussed, the ALJ did not consider all of Sabrina's medically determinable impairments in the RFC analysis, the court concludes that reversal and remand of the

6

ALJ's decision is warranted. Accordingly, the court need not reach the issue of whether substantial evidence supports the ALJ's severity findings. Sabrina may revisit this issue on remand. *See* 20 C.F.R. § 404.983 (on remand from a federal court, the ALJ may consider any issues relating to the claim).

### C. Step Three

At step three, the ALJ determines if any severe impairment meets or equals a listed impairment in Appendix 1 (Listing). 20 C.F.R. § 404.1520(a)(4)(iii); *see also* 20 C.F.R. Part 404, Subpt. P, App'x 1. The Listing describes impairments that the SSA considers "severe enough to prevent an individual from doing any gainful activity, regardless of . . . age, education, or work experience." 20 C.F.R. § 404.1525(a). The claimant will be found disabled if all the criteria of a Listing are met or equaled. 20 C.F.R. § 404.1520(d); *Whitehead*, 820 F.3d at 780–81. The claimant has the burden of establishing that an impairment meets or equals all of the specified medical criteria of a Listing. *Whitehead*, 820 F.3d at 780–81.

The ALJ considered Listing Sections 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root) and 1.18 (abnormality of a major joint in any extremity) and found that Sabrina did not meet the criteria of either section. Tr. 45–46. Sabrina does not address or dispute these findings.

### D. Residual Functional Capacity

Before reaching the final two steps of the sequential analysis, the ALJ must assess the claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e) (citing 20 C.F.R. § 404.1545). The RFC is a determination of the most a claimant can do despite all physical and mental limitations. *Perez*, 415 F.3d at 462. The RFC determination is "based on all the relevant medical and other evidence in [the] case record[.]" 20 C.F.R. § 404.1520(e); *see also Perez*, 415 F.3d at 461–62 (citing 20 C.F.R.

§ 404.1545(a)(1)); SSR 96–8p, 1996 WL 374184, at *2–*5 (July 2, 1996). The ALJ is responsible for assessing a claimant's RFC. 20 C.F.R. § 404.1546(c); see also *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2018) (stating that the RFC determination is the "sole responsibility of the ALJ").

> The ALJ found that Sabrina has the RFC to:
>
> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with additional limitations as follows: She can never climb ladders, ropes, or scaffolds, and only occasionally climb ramps or stairs. Further, she can perform no work around unprotected heights or moving mechanical parts. Lastly, she can only occasionally stoop, kneel, crouch, and crawl.

Tr. 46.

Sabrina makes a number of arguments criticizing the ALJ's RFC findings. The court addresses Sabrina's first argument, which is dispositive in this case, and does not reach the others. Sabrina argues that, in determining her RFC, the ALJ was required to consider the limiting effects of all of her impairments, even those that were not severe, and that the ALJ erred by failing to account for any of her mental limitations in his RFC analysis. ECF No. 10 at 6. The Commissioner argues that the ALJ considered all of Sabrina's medically determinable impairments and considered Sabrina's mental impairments in his RFC analysis.[3] ECF No. 11 at 15–16.

The ALJ must consider the limiting effects of all of an individual's impairments, even those that are not severe, in determining that individual's RFC. 20 C.F.R. §§ 404.1545(e) and 416.945(e); see also SSR 96–8p, 1996 WL 374184, at *2–*5 (July 2, 1996). When an ALJ finds credible mental limitations at

---

[3] The Commissioner also acknowledges that the ALJ found that Sabrina had medically determinable non-severe mental impairments in step two of the analysis. ECF No. 11 at 14.

an earlier step, the ALJ must explain "*why* he omitted *any* mental limitations from the residual-functional-capacity formulation." *Tommy L. v. Comm'r of Soc. Sec. Admin.*, No. 3:22-CV-2882-L-BK, 2024 WL 734634 (N.D. Tex. Jan. 29, 2024), *R&R adopted*, 2024 WL 733638 (N.D. Tex. Feb. 22, 2024) (emphasis in original) (quoting *Castillo v. Kijakazi*, 599 F. Supp. 3d 483, 489 (W.D. Tex. 2022)).

Here, the ALJ found that Sabrina had mild functional mental limitations, Tr. 44–45, yet nowhere in the ALJ's RFC assessment does he consider or address the impact of such mental impairments on her ability to work. Tr. 50–51. The ALJ stated that he considered all symptoms in his analysis. Tr. 46. But he did not explain why mental limitations were omitted in the RFC analysis, which he is required to do. *Tommy L.*, 2024 WL 734634, at *4.

The Commissioner argues that the ALJ considered Sabrina's mental impairments when analyzing her RFC. ECF No. 11 at 15. The ALJ's only discussion of Sabrina's mental functioning in the RFC analysis is related to the ALJ's finding that Dr. Balasubramanian's medical opinion is not persuasive. Tr. 51–52. This does not explain why Sabrina's credible mental limitations were omitted from the analysis or how such limitations could affect her ability to work.

The ALJ's failure to explain why he did not include any mental limitations in his RFC formulation is legal error. *Tommy L.*, 2024 WL 734634, at *4–*5; *Wells v. Kijakazi*, No. 4:20-CV-03167, 2022 WL 17548603, at *3–*4 (S.D. Tex. Sept. 28, 2022). But errors alone do not justify relief from an ALJ's decision. *See Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017) (quoting *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007)) ("Procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected.") "This Court requires . . . a showing that the claimant was prejudiced by the agency's failure to follow a particular rule before such a failure

will be permitted to serve as the basis for relief from an ALJ's decision." *Shave v. Apfel*, 238 F.3d 592, 597 (5th Cir. 2001). "Prejudice can be established by showing that the additional considerations 'might have led to a different decision.'" *Mettlen v. Barnhart*, 88 F. App'x 793 (5th Cir. 2004) (quoting *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000)).

"The ALJ has a responsibility to adequately explain his reasoning in making the findings on which his ultimate decision rests, and in doing so must address all pertinent evidence. The Court's inability to clearly determine whether the ALJ adequately considered certain limitations or not constitutes reversible error." *Gonzales v. Berryhill*, No. 3:16-CV-1830-BN, 2017 WL 3492215, at *6 (N.D. Tex. Aug. 15, 2017) (citing *Kneeland v. Berryhill*, 850 F.3d 749, 762 (5th Cir. 2017)).

> While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

SSR 96–8p, 1996 WL 374184 (July 2, 1996). The ALJ's RFC determination might have been different if he had considered Sabrina's non-severe mental limitations. This, in turn, may have affected the ALJ's findings at steps four and five. Accordingly, the court cannot find that the ALJ's conclusions at steps four or five are supported by substantial evidence.

It was the ALJ's task, in the first instance, to consider how all of Sabrina's limitations affect her RFC. Absent such consideration, the court is left to guess whether and how Sabrina's

mental limitations affect her RFC. The court will not guess. It is improper for the district court to provide a post hoc rationale for the ALJ's decision. Doing so would "usurp[] the agency's function of weighing and balancing the evidence in the first instance." *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008). Thus, the court concludes that the ALJ's error was not harmless, and reversal and remand are warranted.

On remand, the ALJ must consider Sabrina's non-severe impairments in the RFC analysis. The court does not reach and does not express any opinion about the other arguments Sabrina raises in her motion for summary judgment. The undersigned also expresses no opinion on what RFC the ALJ should find or whether Sabrina is disabled.

### 4. Conclusion

The ALJ's decision denying Social Security benefits is not consistent with the law or supported by substantial evidence. Summary judgment in favor of Sabrina is therefore appropriate. Fed. R. Civ. P. 56(a), (c).

Accordingly, Sabrina's Motion for Summary Judgment is **GRANTED**. The Commissioner's Motion for Summary Judgment is **DENIED**. The case is **REMANDED** for additional proceedings consistent with this opinion. The court will enter separate final judgment.

Signed at Houston, Texas on March 6, 2025.

_____
Peter Bray
United States Magistrate Judge